# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS LANG,** | : | CIVIL ACTION NO. 1:19-CV-719 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **JACK VANGORDER,** | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Thomas Lang ("Lang"), an inmate housed at the State Correctional Institution at Rockview, Pennsylvania ("SCI-Rockview"), initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1-2). The sole named defendant is lieutenant Jack Vangorder. Before the court is defendant's Rule 12(b) motion to dismiss. (Doc. 7). For the reasons set forth below, the court will grant defendant's motion and dismiss the complaint with leave to amend.

## I. Allegations of the Complaint

Lang alleges that, on January 11, 2018, defendant Vangorder called Lang's mother on the telephone and made false and defamatory statements about Lang. (Doc. 1-2, ¶¶ 1-2). Specifically, defendant informed Lang's mother that the money she was sending to Lang's prison account was being used to buy drugs and introduce drugs into the facility. (Id. at ¶ 3). Defendant allegedly threatened to arrest Lang's mother if she refused to stop sending money to Lang's prison account. (Id. at ¶ 6). As a result of defendant's actions, Lang asserts that he was cut off from

financial support by his family for at least ninety days. (Id. at ¶ 46). Lang alleges that defendant retaliated against him for filing a grievance. (Doc. 1-2, at 18-19).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual

2

and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. Discussion

### A. Constitutional Claims

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States,

and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

1. ***Fourteenth Amendment***

   a. **Procedural Due Process Claim**

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall. . .deprive any person of life, liberty, or property, without due process of law. . . ." U.S. CONST. amend. XIV. The United States Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

In order to constitute a protected liberty interest, an individual must have a legitimate claim of entitlement to the subject of the deprivation, in this case, monetary gifts from Lang's family, which rises to more than a unilateral hope, or expectation of it. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989). "Inmates have a property interest in funds held in prison accounts." Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997). Accordingly, "inmates are entitled to due process with respect to any deprivation of money [from their accounts]." Higgins v. Beyer, 293 F.3d 683, 693 (3d Cir. 2002) (citations omitted). Additionally, the Third Circuit Court of Appeals has held that inmates are entitled to due process

4

when prison authorities place an encumbrance on the inmate's account, even though no deduction or seizure has yet occurred. See Burns v. Pa. Dep't of Corr., 544 F.3d 279, 291 (3d Cir. 2008). Lang does not allege a seizure of any funds from his account. Instead, he argues that defendant's alleged actions prevented his mother from sending money to his inmate account. The court finds that Lang has not properly alleged the first prong of the due process analysis, as he has no property interest in funds that were never in his inmate account. The complaint, therefore, fails to allege a violation of the due process clause of the Fourteenth Amendment. The court will dismiss this claim with leave to amend the complaint to adequately state a claim.

### b. Substantive Due Process Claim

Defendant argues that, to the extent Lang raises a Fourteenth Amendment substantive due process claim, this claim is subject to dismissal pursuant to the "more-specific-provision" rule. (Doc. 8 at 3-5). The court agrees. In adopting the "more-specific-provision-rule" established in County of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998), the Third Circuit noted that "[u]nder this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.' United States v. Lanier, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (clarifying prior [holding] in Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989))." Betts, 621 F.3d at 260-61. Because Lang's claims related to defendant's alleged phone calls and threats to his mother fit squarely

5

within the Eighth Amendment claim, the more-specific-provision rule forecloses any substantive due process claim.

## 2. *Eighth Amendment*

A prison official violates the Eighth Amendment when: (1) the prisoner suffers an objectively, sufficiently serious deprivation; and (2) the prison official acts with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Fortune v. Hamberger, 379 F. App'x 116, 122 (3d Cir. 2010) (stating, "an inmate [is required] to show that 'he is incarcerated under conditions posing a substantial risk of serious harm,' and that prison officials demonstrated a 'deliberate indifference' to his health or safety"). Under the first element, a "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer, 511 U.S. at 834. To establish deliberate indifference under the second element, the prison official must: (1) know of and disregard an excessive risk to inmate health or safety; (2) be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (3) draw the inference. Id. at 837.

Lang alleges that defendant verbally harassed and threatened his mother. To the extent that these allegations might be construed as an attempt to raise claims on behalf of his mother, Lang lacks standing to bring such claims. See Hill v. Pa. Dep't of Corr., 521 F. App'x 39, 40-41 (3d Cir. 2013) (*per curiam*) (inmate's wife lacked standing to bring § 1983 action on his behalf against prison officials for failure to provide mental healthcare to her husband). Thus, Lang cannot bring claims on behalf of his mother.

In addition, defendant's alleged statements to Lang's mother do not amount to malicious behavior violative of the Eighth Amendment. See Dunbar v. Barone, 487 F. App'x 721, 723 (3d Cir. 2012) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment."); Quiero v. Muniz, No. 14-225, 2015 WL 13738994, at *5 (M.D. Pa. Aug. 3, 2015) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner."). Lang's claim fails because he cannot state a claim for cruel and unusual punishment under the Eighth Amendment by alleging only verbal harassment or threats. The court will dismiss this claim, but grant Lang leave to amend to adequately state a cognizable Eighth Amendment claim for relief.

### 3. *First Amendment*

In his initial amendment to the complaint, Lang alleges that defendant harassed him in retaliation for filing a grievance. The First Amendment offers protection for a wide variety of expressive activities. See U.S. CONST. amend I. These rights are lessened, but not extinguished, in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate: (1) that he was engaged in constitutionally protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link

7

between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225).

Defendant ostensibly fails to recognize the retaliation claim and, consequently, does not address it in the motion to dismiss. Because defendant did not move to dismiss this claim, Lang will be granted leave to amend with respect to the retaliation claim for purposes of clarifying the retaliatory conduct in a manner consistent with Third Circuit precedent. See, e.g., Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (retaliation against a prisoner for filing grievances "implicates conduct protected by the First Amendment"); Marten v. Hunt, 479 F. App'x 436 (3d Cir. 2012) (general verbal harassment and antagonizing have been found not to constitute an actionable adverse action).

### B. State Law Claims

Defendant seeks dismissal of Lang's state law claims of slander and defamation on the basis of sovereign immunity. (Doc. 8 at 11-14). State prison officials are immune from suit for those actions within the scope of their duties, except in instances in which the immunity has been specifically waived. See 1 Pa. Cons. Stat. Ann. § 2310. The allegations of Lang's complaint do not fall under any one of the nine listed categories for which immunity has been waived by the

Commonwealth of Pennsylvania.[1]  See 42 PA. CONS. STAT. ANN. § 8522(b).  As such, defendant is entitled to immunity on the state law claims and his motion will be granted in this regard.

IV.     **Leave to Amend**

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile."  Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  For the reasons outlined above, Lang's Fourteenth Amendment substantive due process claim, and state law claims, are legally and factually flawed and thus incurable; for these reasons, the court concludes that curative amendment would be futile with respect to these claims.  However, Lang will be afforded an opportunity to amend his Fourteenth Amendment procedural due process, Eighth Amendment, and First Amendment claims.

---

[1] The nine categories for which sovereign immunity will not apply are: (1) vehicles in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) the care, custody, or control of personal property; (4) a dangerous condition of Commonwealth agency real estate and sidewalks; (5) dangerous conditions of highways created by potholes or sinkholes; (6) the care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.  See 42 PA. CONS. STAT. ANN. § 8522(b).

## V. **Conclusion**

For the reasons set forth above, the court will grant defendant's motion (Doc. 7) to dismiss. The court will grant Lang an opportunity to file an amended complaint in the event he can state a plausible claim for relief.

An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    December 23, 2019